**Entered on Docket**
**August 28, 2014**
**EDWARD J. EMMONS, CLERK**
**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

Signed and Filed: August 27, 2014



1

2

3

4

5

6



**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

7  UNITED STATES BANKRUPTCY COURT

8  NORTHERN DISTRICT OF CALIFORNIA

9

10  In re                                    ) Bankruptcy Case
                                             ) No. 12-33247DM
11  PAUL CHRISTOPHER LEE,                    )
                                             )
12                          Debtor.          ) Chapter 7
    _____ )

13          MEMORANDUM DECISION ALLOWING INTERIM FEES AND EXPENSES
                        OF TRUSTEE'S PROFESSIONALS
14
15          On August 1, 2014, the court held a hearing on the interim

16  applications for compensation and expense reimbursement filed by

17  the following professionals employed by Andrea A. Wirum

18  ("Trustee"), chapter 7 trustee for the estate: (1) McKenna Long

19  and Aldridge LLP ("McKenna"), counsel for Trustee, and (2)

20  Bachecki, Crom & Co. ("Bachecki"), accountant for Trustee.  Debtor

21  Paul Christopher Lee ("Debtor") opposed both applications,

22  alleging that fees were excessive (with McKenna purportedly

23  averaging $10,000 a month in fees, and Bachecki averaging about

24  $2,000 a month in fees.  Debtor also contended that "time spent on

25  tasks is excessive.  Unnecessary and duplicative tasks have been

26  performed by attorney and accountant causing diminishment of the

27  Bankruptcy Estate."  The substance of the objection consisted of

28  five lines and did not identify the purportedly unnecessary and

-1-

duplicative tasks.

At the hearing, the court allowed 80% of McKenna's requested compensation and 90% of Bachecki's requested compensation. The court deferred ruling on the balance pending receipt of a supplemental, more precise written objection by Debtor and a supplemental reply from McKenna and Bachecki. Debtor filed his supplemental reply on August 11, and Trustee's professionals filed their joint reply on August 21, 2014.

Having considered the applications, the opposition, and the supplemental filings, the court is overruling Debtor's objections. Trustee and her professionals have recovered more than $2 million in assets in a case where Debtor scheduled no real property assets and no unencumbered, non-exempt personal property assets. Debtor had created a sham trust and at least one limited liability company to conceal assets, and Trustee and her professionals investigated these schemes and prevailed in recovering substantial assets in what appeared to be, based on the schedules, a no-asset case. The fees were necessarily (but not unreasonably) higher in the initial recovery/avoidance process, but will likely decrease (both in amount and as a percentage of the amounts recovered) as the recovered assets are liquidated. Therefore, Debtor's concerns about the high monthly billing average is not well-taken, particularly as his failure to disclose assets necessitated the professionals' services.

The court also overrules Debtor's objections to particular tasks performed by Trustee's professionals. Debtor contends that certain tasks, such as the review of tax returns, was unnecessary and duplicative. Upon the court's initial review of Debtor's

-2-

Supplemental Objection, etc. (Dkt. No. 116), it appeared that some of the objections were well-taken and that some downward adjustment of the McKenna and Bachecki applications would be warranted. But the Reply To Supplemental Objections, etc. (Dkt. No. 117) more than adequately addresses the Debtor's specific complaints, wholly apart from McKenna's repeated criticisms of the Debtor and the problems he caused the Trustee and her professionals. As valid as those criticisms appear to be, by themselves they do not necessarily justify the particular time charges. The supplemental explanation does justify them.

Bachecki billed 1.7 hours on 1/25/13 and 5/9/13 to review tax assessments and returns; McKenna billed a total of 2.1 hours to review tax documents to determine whether to pursue a claim for substantial consolidation and to recover Debtor's assets not held in his name. These fees are justifiable, reasonable and necessary. Similarly, fees relating to an examination of Debtor's purportedly legally separate trust are justifiable, whether performed by Bachecki in its capacity as an accountant or McKenna in its capacity as legal counsel.

Debtor also complains about the fees for preparing the fee application, even though the such fees were significantly less than the five percent cap set forth in this court's Guidelines for Compensation and Reimbursement of Expenses. In particular, Debtor argued that in this day of computerized billing, preparation of fee applications should not require expenditure of further fees. Debtor, however, fails to acknowledge that this court's Guidelines require a detailed narrative and not simply a submission of bills. This objection is therefore overruled. Similarly, the objection

-3-

1  to fees incurred by other members of the McKenna firm on certain
2  discrete tasks is overruled, as is the objection for photocopies
3  at 20 cents a page (also permitted by the Guidelines).  Particular
4  objections not addressed here are also overruled.

5      The court is therefore allowing 100% of the requested fees
6  and expenses on an interim basis, subject to adjustment when
7  Trustee and her professionals seek allowance of the fees on a
8  final basis.  Debtor, of course, has standing to object to final
9  allowance of the fees, but should be cognizant of this court's
10 Guidelines and this ruling when evaluating the applications.

11     Bachecki and McKenna should serve and upload orders allowing
12 all of their requested fees and costs on an interim basis, and
13 permitting payment of the unpaid portion (20% for McKenna and 10%
14 for Bachecki), for the reasons set forth in this memorandum
15 decision.

16

17               **END OF MEMORANDUM DECISION**

18

19

20

21

22

23

24

25

26

27

28

-4-